IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Simon Allen, Jr., ) | |
| ) | |
| ) | Civil Action No. 8:15-504-RMG-KFM |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Special Agent Paul Lee, in his private ) | |
| and official capacity; ) | |
| Special Agent Earl Gilliam, in his ) | |
| private and official capacity; ) | |
| RAC Scott Bailey, in his private and ) | |
| official capacity; ) | |
| Asst. U.S. Attorney William J. ) | |
| Watkins, Jr., in his private and official ) | |
| capacity; ) | |
| Probation Officer Robert F. Woods, Jr., ) | |
| in his private and official capacity; ) | |
| U.S. Attorney Williams N. Nettles, in ) | |
| his private and official capacity; ) | |
| Public Defender Lora C. Blanchard, in ) | |
| her private and official capacity; ) | |
| Courtroom Deputy Pamela Brissey, ) | |
| in her private and official capacity, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff is a pre-trial detainee at the Anderson City Jail in Anderson, South Carolina. In the above-captioned case, the plaintiff has brought suit against various persons involved in his federal criminal case, including his Public Defender, the United States Attorney for the District of South Carolina, the Assistant United States Attorney prosecuting the plaintiff's criminal case, the courtroom deputy for the United States District Judge assigned to the plaintiff's criminal case, the probation officer assigned to the plaintiff's criminal case, and agents or employees of federal law enforcement agencies.

In an order (doc. 6) filed in this case on February 6, 2015, the undersigned directed the plaintiff to submit a motion for leave to proceed *in forma pauperis*, Forms USM-285, and a summons. The plaintiff brought this case into "proper form" by submitting the needed documents on March 26, 2015 (doc. 13 and doc. 14). The plaintiff also submitted an attachment to the complaint (doc. 15).

In the original complaint and in the attachment received on March 26, 2015, the plaintiff alleges that the defendants have violated his federal constitutional rights in *United States v. Simon Allen, Jr.*, Criminal No. 8:14-324-TMC-2. Specifically, the plaintiff alleges: (1) Special Agents Paul Lee and Earl Gilliam on February 5, 2014, changed the plaintiff's sworn statement in their Memorandum of Interview and comprehensive report of investigation when they "summarized" the plaintiff's statement, and this "erroneous information got [the plaintiff] locked up" (doc. 1 at 4); (2) Scott Bailey approved the Memorandum of Interview (*id.*); (3) Assistant United States Attorney ("AUSA") Watkins was given the Comprehensive Report of Investigation and went to the Grand Jury with the "erroneous information" (*id.*); (4) United States Attorney Nettles signed the indictment obtained with the "erroneous information," but the indictment does not look "like it was ever signed by the foreperson" (*id.*); (5) United States Probation Officer Robert F. Woods knew that there were only three persons involved in the conspiracy, but used the "erroneous information" of seventeen people to "increase jail time on the Pre-Sentence Report" (*id.*); (6) Public Defender will not file motions to dismiss indictment due to "erroneous information" and had told the plaintiff that he has no right to withdraw his guilty plea (*id.*); (7) Pam Brissey on November 3, 2014, and on December 17, 2014, sent "unwanted and unneeded advice on who to take legal advice from and [the plaintiff's] current surroundings" (*id.*); (8) Special Agent Paul Lee and Special Agent Earl Gilliam deliberately supplied misleading information to the Grand Jury and "influenced their decision" to indict the plaintiff by telling the Grand Jury that the plaintiff conspired with Mr. Harris to defraud the

2

Department of Veterans Affairs of funds to which the plaintiff was not entitled (doc. 15 at 1); (9) they also stated that 17 veterans had committed the "same actions" (*id*.); (10) the Grand Jury only indicted three persons, including the plaintiff (*id*.); (11) "thats [*sic*] not fair Justice for same charge fair is all or none because none got immunity" (*id*.); (12) AUSA Watkins, "deliberately supplied misleading information to Judge Cain" when he stated that the plaintiff had never established a "particularized need" to review the grand jury minutes and that this false statement "got [the plaintiff's] motion [to withdraw guilty plea] denied . . ." (*id*.) (13) the plaintiff tried to have Judge Cain hear the motion to dismiss indictment, but AUSA Watkins stated that, "Allen has presented no legitimate grounds for dismissing the indictment" and that this "misleading information . . ." also resulted in the denial of the motion to withdraw guilty plea (*id*.); and, (14) the plaintiff filed all of his affidavits and grounds with the Clerk of Court because the plaintiff's attorney, Public Defender Lora C. Blanchard, "was in constructive denial of counsel and she would not file anything or get any records to prove [the plaintiff's] innocence." (*id*.). In his prayer for relief, the plaintiff seeks release from confinement, one million dollars in compensatory damages from each defendant, and two million dollars and punitive damages from each defendant (doc. 1 at 6).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint (doc. 1) and attachment (doc. 15) pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore

a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

It can be judicially noticed that the plaintiff on September 11, 2014, entered a guilty plea (doc. 76) in *United States v. Simon Allen, Jr.*, Criminal No. 8:14-324-TMC-2, to conspiracy to defraud the United States. On January 29, 2015, the plaintiff filed a motion to withdraw his guilty plea, which was captioned as a motion to dismiss (doc. 117 in Criminal No. 8:14-324-TMC-2). A hearing on the motion to dismiss/withdraw guilty plea was held before the Honorable Timothy M. Cain, United States District Judge, on February 25, 2015. The following minute entry for the hearing appears on the docket sheet for Criminal No. 8:14-324-TMC-2:

> Minute Entry for proceedings held before Honorable Timothy M Cain: denying 117 Motion to Dismiss and/or withdraw guilty plea as to Simon Allen Jr (2). The defendant withdraws his pro se 130 Motion to Appoint Counsel. Defendant states he is satisfied with counsel. The court admonishes the defendant to cease filing what is deemed frivolous pleadings. The defendant states on the record that he will not file any other pleadings. State bond is still pending, so bond is not an issue for this defendant. The court declines to sentence the defendant today, and sentencing will be rescheduled. The court wants counsel to brief the issue of removal of his acceptance of responsibility credit given in the sentencing recommendation. Motion Hearing as to Simon Allen, Jr held on 2/25/2015.

(Doc. 149 in Criminal No. 8:14-324-TMC-2). This court may take judicial notice of Criminal No. 8:14-324-TMC-2. *See, e.g.*, *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

Although the plaintiff has not yet been sentenced in Criminal No. 8:14-324-TMC-2, on September 11, 2014, he entered a guilty plea to conspiracy to defraud the United States (18 U.S.C. § 371). At the hearing on February 25, 2015, Judge Cain denied the plaintiff's motion to dismiss or withdraw guilty plea. As a result, this case

is subject to summary dismissal because a right of action has not accrued. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Although *Heck* was a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983, the holding in *Heck* is applicable to suits by federal prisoners or detainees against federal officials and federal entities. *See Rice v. Nat'l Sec. Council,* 244 F. Supp. 2d 594, 601 (D.S.C. 2001) ("*Heck v. Humphrey* is applicable in civil suits, such as *Bivens* actions, against federal officials and entities."). *Heck* is applicable to cases involving attempts to withdraw guilty pleas entered in a federal district court. *See Wagner v. Hampton*, Civil Action No. 2:13-cv-02406-GRA, 2014 WL 3799267, at *3, 9 (D.S.C. July 30, 2014).

United States Attorney Nettles and AUSA Watkins have prosecutorial immunity with respect to actions taken in connection with Criminal No. 8:14-423-TMC-2, the plaintiff's federal criminal case. *Rice v. Nat'l Sec. Council,* 244 F. Supp. 2d at 602. Assistant Federal Public Defender Lora Blanchard has not acted under color of state or federal law and is entitled to summary dismissal as a result. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 317–24 (1981).

The plaintiff's complaint against Courtroom Deputy Brissey concerns a standard form letter or template used by the Clerk's Office to respond to the many *pro se* motions or letters inquiring about their criminal cases received from federal detainees. There is no right to hybrid representation in South Carolina state courts or in federal courts. *See Faretta v. California*, 422 U.S. 806, 834 (1975); and *State v. Stuckey*, 508 S.E.2d 564, 564–65 (S.C. 1998). Although the letters sent to the plaintiff by Courtroom Deputy Brissey have not been provided by the plaintiff, the letter of December 17, 2014, appears as document 106 in Criminal No. 8:14-324-TMC-2. The standard letter used by the Clerk's Office in Greenville apprises federal detainees that *pro se* motions filed in cases where the detainee has counsel of record will **not** be addressed by the court, directs federal pre-trial detainees represented by counsel of record in cases assigned to Judge Cain to consult with

their counsel of record in the federal criminal case, and apprises them that not everything that they might hear from a "jailhouse lawyer" or writ-writer is necessarily accurate (doc. 106 in Criminal No. 8:14-324-TMC-2).  A similar letter dated December 3, 2014, is document 97 in Criminal 8:14-324-TMC-2.  This letter also directs the plaintiff to send documents to the Clerk's Office in Greenville because there is no Clerk's Office in Anderson (doc. 97 in Criminal 8:14-324-TMC-2).  Courtroom Deputy Brissey has quasi judicial immunity because she was authorized by Judge Cain to respond to *pro se* motions submitted by federal prisoners represented by counsel of record in cases assigned to Judge Cain. *Forrester v. White*, 484 U.S. 219, 226–27 (1988); *see also Abebe v. Propes*, Civil Action No. 0:11-1215-MBS-PJG, 2011 WL 2581385, at *3 (D.S.C. June 3, 2011) (collecting cases), *adopted*, 2011 WL 2600593 (D.S.C. June 29, 2011).  Probation Officer Woods has quasi judicial or derivative immunity with respect to his preparation of the Pre-Sentence Report in Criminal No. 8:14-324-TMC-2. *See Krug v. Trauger*, Civil Action No. No. 4:12-550-CMC-SVH, 2012 WL 1719735, at *3 (D.S.C. Apr. 26, 2012) (citing *Forrester* and *Abebe*), *adopted by* 2012 WL 1719452 (D.S.C. May 16, 2012).

        The plaintiff also contends that the Office of the United States Attorney should have charged a total of 17 people in Criminal No. 8:14-324 instead of three.  The plaintiff does not have standing with respect to criminal charges against third persons. *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); and *Diamond v. Charles*, 476 U.S. 54, 64–65 (1986) (*applying Linda R. S. v. Richard D.* and collecting cases).

        Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *with prejudice* and without service of process.  It is also recommended that the above-captioned be deemed a "strike" pursuant to the "three strikes" rule of 28 U.S.C. § 1915(g). *See Blakely v. Ward*, 738 F.3d 607, 613 (4th Cir. 2013)

("Accordingly, we hold that if a summary judgment dismissal explicitly deems the terminated action frivolous, malicious, or failing to state a claim, then the summary judgment dismissal counts as a strike for Section 1915(g) purposes."); and *Chestnut v. McCoy*, Civil Action No. 1:13-cv-1814-RBH, 2014 WL 4199112, at *3 (D.S.C. Aug. 20, 2014). The plaintiff's attention is directed to the Notice on the next page.

March 30, 2015                                              s/ Kevin F. McDonald
Greenville, South Carolina                          United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).